# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>5171 CAMPBELLS LAND CO., INC.,<br><br>              Debtor.<br>ROBERT S. BERNSTEIN, ESQ., Plan Administrator,<br>              Plaintiff,<br><br>v.<br><br>MICHAEL SCHUMACHER,<br><br>              Defendant. | Bankr. Case No. 19-22715-CMB<br><br>Chapter 11<br><br>Adv. Pro. No. _____ |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS
## PURSUANT TO 11 U.S.C. §§ 548 AND 550

Robert S. Bernstein (the "Plan Administrator" or "Plaintiff"), in his capacity as plan administrator in the above-captioned Chapter 11 case filed by 5171 Campbells Land Co., Inc. (the "Debtor"), by and through the undersigned counsel, files this complaint (the "Complaint") to avoid and recover fraudulent transfers against Michael Schumacher (the "Defendant"). In support of this Complaint, Plaintiff hereby alleges upon belief that:

### NATURE OF THE CASE

1. This adversary proceeding is commenced pursuant to section 548 and 550 of chapter 5 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), to avoid and recover certain fraudulent transfers of property made by the Debtor to the Defendant from July 8, 2017 through July 8, 2019.

### JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409.

3. This adversary proceeding is a "core" proceeding to be heard and determined by this court pursuant to 11 U.S.C. § 157(b) (2).

4. The statutory and legal predicates for the relief sought herein are Sections 548 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). This action arises under title 11.

5. The Plan Administrator consents to the jurisdiction of the bankruptcy court and the entry of final orders or judgment by the bankruptcy judge.

## PARTIES

6. The Debtor's equity owners are William T. Kane (40%), Timothy Weaver (40%), Ronald Linaburg (6%), and Kristine Kochis (14%).

7. Upon information and belief, Defendant is an individual with a primary address of 533 Woodland Road, Pittsburgh, PA 15237.

## PROCEDURAL BACKGROUND

8. On the July 8, 2019 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court at case number 19-22715-CMB (the "Case").

9. On November 12, 2019, the Debtor filed its *Chapter 11 Plan of Liquidation Dated November 12, 2019* (the "Plan") [Doc 308] and accompanying disclosure statement (the "Disclosure Statement") [Doc 309].

10. On March 18, 2020, the Court entered the *Default Order Confirming Debtor's Chapter 11 Plan of Liquidation Dated November 12, 2020* (the "Confirmation Order") [Doc 435] and the *Post-Confirmation Order and Notice* (the "Post-Confirmation Order") [Doc 436].

11. The Plan Administrator's duties include bringing claims to avoid and recover fraudulent transfers pursuant to sections 548 and 550 of the Bankruptcy Code. *See* Plan, Article V; Confirmation Order, ¶ 8.

## FACTUAL BACKGROUND

12. The Debtor is a Pennsylvania corporation in the restaurant industry and, specifically, the operation of numerous Perkins' franchise restaurant.

13. During the two years prior to the Petition Date, the Debtor paid Defendant at least $145,000.00 (the "Section 548 Fraudulent Transfer" or "Fraudulent Transfers"). The details of such Fraudulent Transfers are attached hereto and incorporated herein as **Exhibit A**.

14. The Plan Administrator believes and therefore avers the Debtor made such transfer with actual intent to hinder, delay, or defraud and did not receive reasonably equivalent value for the Fraudulent Transfers and accordingly, believes all such Fraudulent Transfers are avoidable pursuant to section 548 of the Bankruptcy Code and other applicable law.

15. Specifically, pursuant to information provided by the Defendant, the Plan Administrator believes and therefore avers that the Fraudulent Transfers were made to Defendant to pay a personal debt of one of the Debtor's equity owners, William T. Kane.

16. During the course of this proceeding, the Plan Administrator may learn of additional Fraudulent Transfers made, and the Plan Administrator reserves all rights to amend or supplement this Complaint.

## COUNT I
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548

17. The Plan Administrator incorporates all preceding paragraphs by reference as if fully set forth herein.

18. The Plan Administrator is entitled to avoid the Section 548 Fraudulent Transfers as set forth and identified on Exhibit A pursuant to 11 U.S.C. § 548.

19. The Section 548 Fraudulent Transfers were made by the Debtor to or for the benefit of the Defendant.

20. Upon information and belief, the Section 548 Fraudulent Transfers were with actual intent to hinder, delay, or defraud an entity or entities to which the Debtor was or became, or after the date that such transfer was made or such obligation was incurred, indebted.

21. The Debtor, which made the Section 548 Transfers, received less than a reasonably equivalent value in exchange for the Section 548 Fraudulent Transfers.

22. Because the Fraudulent Transfers were made to satisfy a personal debt of William T. Kane, the Debtor received no value in exchange for the Fraudulent Transfers.

23. The Debtor was insolvent on the dates that the Section 548 Fraudulent Transfers, Debtor was engaged in business or a transaction, or about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital and/or at the time of such 548 Fraudulent Transfers, the Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

24. On the dates that the Section 548 Fraudulent Transfers occurred, the Debtor's sum of debts and liabilities were greater than the Debtor's assets.

25. Accordingly, the Transfers are avoidable under § 548 of the Bankruptcy Code and the Plan Administrator is entitled to recover the value of the Transfers from the Defendant under Section 550(a) of the Bankruptcy Code.

## COUNT II
### RECOVERY OF AVOIDED TRANSFERS UNDER 11 U.S.C. § 550

26. The Plan Administrator incorporates all preceding paragraphs by reference as if fully set forth herein.

27. The Plan Administrator is entitled to avoid the Fraudulent Transfers pursuant to 11 U.S.C. § 548.

28. Defendant was the initial transferee of the Fraudulent Transfers or the person for whose benefit the Fraudulent Transfers were made.

29. Pursuant to 11 U.S.C. § 550(a), the Plan Administrator is entitled to recover from Defendant all Fraudulent Transfers and the costs of this action.

WHEREFORE, Plaintiff, Robert S. Bernstein, in his capacity as Plan Administrator in the Chapter 11 Bankruptcy of 5171 Campbells Land Co., Inc., prays that this Honorable Court grant the following relief against Defendant, Michael Schumacher:

A. Judgment in favor of Plaintiff and against Defendant, avoiding the preferential Transfers and directing Defendant to return to Plaintiff the total amount of $145,000.00, pursuant to 11 U.S.C. §§ 548 and 550(a); and

B. Granting Plaintiff such other relief and further relief as this Court deems just and proper.

Dated: July 7, 2021                                  BERNSTEIN-BURKLEY, P.C.

By: */s/ Sarah E. Wenrich*
John J. Richardson, Esq. (PA I.D. 86045)
jrichardson@bersteinlaw.com
Sarah E. Wenrich. Esq. (PA I.D. 325834)
swenrich@bernsteinlaw.com
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
T: (412) 456 – 8100
F: (412) 456 – 8135

*Counsel to the Plan Administrator*